UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
ROOSEVELT WHITE,               )
                               )
       Plaintiff,              )
                               )
   v.                          )    C.A. No. 18-261 WES
                               )
MAGISTRATE JOHN F. McBURNEY, III, )
PETER C. KILMARTIN, KIMBERLY   )
AHERN, ROBERT F. MCNELIS,      )
JEFFREY ACETO, PATRICIA COYNE- )
FAGUE, JAMES WEEDEN, MATTHEW   )
KETTLE, A.T. WALL, BILLY BAGONES, )
NUNO FIGUREDO, STATE OF RHODE  )
ISLAND, and DEPARTMENT OF      )
CORRECTIONS,                   )
                               )
       Defendants.             )
_____)
```

## **MEMORANDUM & ORDER**

Before the Court are plaintiff Roosevelt White's Request for Leave to File a Supplemental Complaint (ECF No. 24) and the Motion to Dismiss of defendants Nuno Figuredo and Billy Bagones in their official capacities (ECF No. 16). For the reasons set forth herein, White's Request for Leave to File a Supplemental Complaint is DENIED and Defendants' Motion to Dismiss is GRANTED. Furthermore, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, White's claims against Figuredo and Bagones in their individual capacities shall be DISMISSED WITHOUT PREJUDICE unless

proof of service on the Defendants in their individual capacities is filed with the Court within fourteen days.

I. Background

On May 9, 2018, White filed a complaint pro se alleging violations of 42 U.S.C. § 1983 against numerous defendants, including a Rhode Island Superior Court magistrate judge, state prosecutors, White's former attorney, and employees of the Rhode Island Department of Corrections, including defendants Figuredo and Bagones. (See Compl. 1, ECF No. 1.) All defendants were sued in their official and individual capacities. (Id.)

White's Complaint was screened under 28 U.S.C. §§ 1915(e)(2) and 1915A by Magistrate Judge Patricia A. Sullivan. (See generally R. & R., ECF No. 5.) On June 26, 2018, this Court adopted Magistrate Judge Sullivan's Report and Recommendation dismissing all claims against all defendants without prejudice except the individual capacity claims against Figuredo and Bagones. The Court's order provided White with thirty days to amend his Complaint.

White filed his Amended Complaint on the same day, again asserting Section 1983 claims against a group of defendants including Figuredo and Bagones. (See Am. Compl., ECF No. 7.) The gravamen of the twenty-seven-page, handwritten Amended Complaint is that Figuredo and Bagones retaliated against White because he was uncomfortable cooperating with the Federal Bureau of Investigation by participating in drug buys. (See, e.g., Am. Compl. 10-

2

12.) On July 25, 2018, the Amended Complaint was served on an assistant attorney general for the State of Rhode Island, who accepted service for Figuredo and Bagones in their "official capacity only." (Executed Summonses, ECF Nos. 12, 13.). There is no evidence in the record that White has accomplished service on any other defendant or that White served any defendant, including Figuredo and Bagones, in their individual capacities.

On August 10, 2018, Figuredo and Bagones, in their official capacities, moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (See ECF No. 16.) On September 11, 2018, White moved under Rule 15(d) for leave to supplement the Amended Complaint. (See ECF No. 24.)[1]

II. Discussion

    A. Plaintiff's Rule 15(d) Motion

Rule 15(d) provides an "efficient mechanism" for litigating issues accruing after a litigant has filed suit. U.S. ex rel. Gadbois v. PharMerica Corp., 809 F.3d 1, 4 (2015). "On motion and reasonable notice, the court may, on just terms, permit a party to

---

[1] The docket text describes White's filing as a "motion to amend/correct the Complaint." (ECF No. 24.) White's memorandum makes clear, however, that he is moving to supplement the existing Amended Complaint under Rule 15(d) rather file a second amended complaint under Rule 15(a).

3

serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

The rule's text prescribes no particularized standards to guide the Court's analysis. In Gadbois, the First Circuit explained that supplementation "is encouraged 'when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action.'" Id. (quoting 6A Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure, § 1504 (3d ed. 2010)). To determine whether "just terms" exist to support exercising its discretion, the Court "must weigh the totality of the circumstances," including "idiosyncratic factors" such as futility, prejudice to the nonmoving party, and unreasonable delay. Id. at 7; see also Nottingham v. Peoria, 709 F. Supp. 542, 544 (M.D. Pa. 1988) (listing "promotion of a justiciable disposition" among relevant Rule 15(d) factors). These factors parallel the Rule 15(a) variables. See U.S. ex rel. Gadbois 809 F.3d at 7.

After carefully reviewing White's submission in light of these considerations, the Court declines to allow supplementary pleading here. White's broad characterization of his allegations as demonstrating "retaliation, harassment, [sic] by staff" does not suffice. (Pl.'s Mot. for Supp. Compl. 1 ("Pl.'s Mot."), ECF

4

No. 24-1.)  Over thirty-four pages, White presents a litany of brand new allegations against non-parties that lack any obvious connection to the surviving claims against Figuredo and Bagones even when leniently read. (See generally Pl.'s Mot.)  These include complaints about other Department of Corrections officers, nurses, and mental health workers.  (See, e.g., id. at 3-4, 10-14.) White does not mention Figuredo; Bagones is the subject of just two fleeting references.[2]  (See id. at 14, 18)

Irrelevance aside, allowing White's proposed allegations would be futile.  The only defendants over which White has established the Court's jurisdiction through service are Figuredo and Bagones in their official capacities.  But state actors sued in their official capacity are not "persons" under Section 1983. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (holding "that neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); Jones v. Rhode Island, 724 F. Supp. 25, 28 (D.R.I. 1989) ("Based on the Supreme Court's holding in Will, it is clear that neither the State of Rhode Island nor any of its officials acting in their official capacities, are 'persons' that can be held liable under § 1983.").

---

[2]  The first allegation is a hearsay statement from another officer that Bagones told the officer to move White to medium security segregation pending the investigation of a complaint from a counselor about his conduct. (See Pl.'s Mot. at 14.) The second is simply a reference to Bagones's alleged status as a member of the classification board. (See id. at 18.)

5

Nothing in White's proposed allegations avoids this principle. As it does not appear that the proffered supplemental pleading would promote efficiency or the justiciability of this action, the Court declines to allow White's request. See Aponte-Torres v. Univ. of P.R., 445 F.3d 50, 58 (1st Cir. 2006) ("When a proffered amendment comes too late, would be an exercise in futility, or otherwise would serve no useful purpose, the district court need not allow it."); Nottingham, 709 F. Supp. at 544.

B. Defendants' Rule 12(b)(6) Motion

The Court need not linger long on the Defendants' Motion to Dismiss. To survive under Rule 12(b)(6), White must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Narragansett Indian Tribe ex rel. Narragansett Indian Tribal Historic Pres. Office v. R.I. Dep't of Transp., No. CV 17-125 WES, 2017 WL 4011149, at *2 (D.R.I. Sept. 11, 2017), aff'd sub nom. Narragansett Indian Tribe v. Rhode Island Dep't of Transportation, 903 F.3d 26 (1st Cir. 2018) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). White has again failed to state plausible claims against Figuredo and Bagones in their official capacities because, as set forth above and in Magistrate Judge Sullivan's Report and Recommendation, they are not "persons" under Section 1983. See Will, 491 U.S. at 71; Jones, 724 F. Supp. 28. Any such claims must therefore be dismissed.

### C. Plaintiff's Claims Against Defendants in Their Individual Capacities

White's only remaining claims in this action are those against Figuredo and Bagones in their individual capacities. Rule 4(m) of the Federal Rules of Civil Procedure provides "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." The Amended Complaint was filed on June 26, 2018, and there is no evidence that Figuredo and Bagones have been served in their individual capacities. See Ruiz v. Rhode Island, No. CV 16-507 WES, 2018 WL 514539, at *2 (D.R.I. Jan. 22, 2018) ("[E]ffecting service on someone in his official capacity does not ipso facto do so in his individual capacity, and vice versa.") (citing Echevarria-Gonzalez v. Gonzalez-Chapel, 849 F.2d 24, 30 (1st Cir. 1988); Robinson v. Turner, 15 F.3d 82, 85 (7th Cir. 1994)). White has already had several bites at the apple. Accordingly, the remaining individual capacity claims shall be dismissed unless proof of service on Figuredo and Bagones in their individual capacities is filed with the Court within fourteen days of this order.

### III. Conclusion

For the aforementioned reasons, Plaintiff's Request for Leave to File a Supplemental Complaint (ECF No. 24) is DENIED. The

Motion to Dismiss of defendants Nuno Figuredo and Billy Bagones in their official capacities (ECF No. 16) is GRANTED. Plaintiff's remaining claims against Figuredo and Bagones in their individual capacities shall be DISMISSED WITHOUT PREJUDICE unless proof of service on the Defendants in their individual capacities is filed with the Court within fourteen days.

IT IS SO ORDERED.

_____
William E. Smith
Chief Judge
Date: October 18, 2018