UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|                                   |   |                              |
|-----------------------------------|---|------------------------------|
| ROOSEVELT L. WHITE                | ) |                              |
|    Plaintiff,      | ) |                              |
|                                   | ) |                              |
| v.                                | ) | C.A. No. 18-00261-MSM-PAS    |
|                                   | ) |                              |
| MAGISTRATE JOHN F. MCBURNEY III, et al, | ) |                        |
|    Defendant.      | ) |                              |

## MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

The Court rules today on a Motion to Dismiss (ECF 42) the plaintiff's Amended Complaint (ECF 7) in an action brought pursuant to 42 U.S.C. §1983. Plaintiff is a state prisoner, confined at the Adult Correctional Institutions (ACI) in Cranston, Rhode Island, who sued a panoply of state officials including many Department of Corrections personnel as well as the Department itself, the then-Attorney General of Rhode Island, the presiding state Magistrate, and the State of Rhode Island. Accepting an earlier Report and Recommendation (ECF 5), the Court dismissed all claims except those against defendants Billy Bagones and Nuno Figuredo, both correctional officers sued in their individual capacities.

The gist of the Complaint is that Officers Bagones and Figuredo helped federal authorities solicit Mr. White to cooperate in what would have been a sting operation

involving drug buys, but then retaliated against him at the ACI when he refused to cooperate. Mr. White alleges that the retaliation took the form of instigating a false charge against him that resulted in his being criminally prosecuted, demoted from medium security to high security, and kept in segregation for extended periods.

The earlier Report and Recommendation granted Mr. White I.F.P. status and found that his Complaint, should he amend to proceed against the two defendants only in their individual capacities (which he did), survived a preliminary screening under 28 U.S.C.§§ 1915(e)(2) and 1915(A). However, the Magistrate cautioned that Mr. White's Complaint would subsequently have to survive "plausible claim" scrutiny on a Motion to Dismiss for failure to state a claim for relief, should one be filed (ECF 5 at p. 6).

That time has come.

I. STANDARD OF REVIEW

To survive a Motion to Dismiss under Fed.R.Civ. P. 12(b)(6), a plaintiff must set forth a "plausible claim." That means s/he must "plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. ... The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully" *Ashcroft v. Iqbal,* 566 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868, (2009). The reviewing court must assume the truth of all "well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Thomas v. Rhode Island,* 542 F.3d 944 (1st Cir. 2008).

## II. DISCUSSION

I find that Mr. White's Amended Complaint does not state a plausible claim for relief.[1] Mr. White described, in sufficient detail, what happened to him. He was serving a sentence when he was approached by the two defendants who told him that federal authorities suspected a local attorney, with whom Mr. White had a relationship, of dealing drugs. They wanted him to participate in some drug buys. From the beginning, while Mr. White was willing to "cooperate" with federal law enforcement, he maintained he was not willing to participate in drug buys. Over the course of the next several years, he continued to be pressured by the defendants and, contemporaneously experienced a number of adverse events which he says were engineered by the defendants as retaliation for his refusal to cooperate in the way that they wanted. He was moved from medium security to high security, he was kept in segregated confinement for long periods, he faced unfriendly Classification Boards on which defendant Bagones sat, and he was prosecuted for what he claims was a fabricated charge of sexual assault. That fabrication, he complains, caused him additional time in segregation and to be prosecuted as a violator of a previously imposed probationary term.

---

[1] The defendants also assert that their Motion should be granted because the Complaint is not a "short and plain statement" of the claim, as required by Fed.R.Civ.P. 8(a)(2). The Court does not agree. While the Complaint is, certainly, a rather rambling 27-page account of Mr. White's travails, and thus by no means "short," it is nonetheless clear in what it alleges. The Magistrate's Report (ECF 5) reflects a valiant and successful effort to describe Mr. White's legal contentions and factual background and the defendants cannot plausibly contend that they do not have sufficient notice to mount a defense.

As the Magistrate found, these allegations surmount some legal hurdles:

> There is no question that the refusal to cooperate in an investigation can be a protected activity that may satisfy the first element of a § 1983 retaliation claim. *Mearin v. Dohman,* 533 F.App'x 60, 62-63 (3rd Cir. 2013). Further, the complaint coherently alleges that defendants Figuredo and Bagones took adverse actions – arranging for the bringing of fabricated sexual assault charges – for the purpose of causing Plaintiff wrongly to be classified as a sexual predator with enemies and to be held in High Security.

Report and Recommendation (ECF 5), p. 6.

Where Mr. White does not succeed, however, is in backing up his allegations with sufficient factual content to permit an inference of liability on the part of the defendants. Like the plaintiff in *Schatz v. Republican State Leadership Committee,* 669 F.3d 50 (1st Cir. 2012), Mr. White uses the right "buzzwords," but they are simply legal conclusions. In *Schatz,* the plaintiff alleged that he was falsely accused, that the defendants failed to investigate, and that they conjured up "imaginary wrongs that he had supposedly done as a selectman." *Id.* at 53. Mr. White's Complaint suffers from the same infirmity found there.

Mr. White includes ample factual allegations showing that the defendants were very invested in his prospective cooperation,[2] but his allegations concerning *who* was responsible for the adverse consequences he suffered, and what they did to accomplish them, fail to assert any personal knowledge and fail to describe specific facts. He states that defendant Bagones got a woman who was awaiting trial for

---

[2] For example, he quotes defendant Figuredo threatening to send him back to jail if he didn't find out anything good. Defendant Bagones, for his part, told him on the telephone that he was "making us look bad. Just do the damn drug buys."

4

robbery to claim he had assaulted her, and that Figuredo and Bagones "set this all up." But he does not relate how he learned what defendant Bagones allegedly did, nor what the two defendants did to "set this all up." He states that on July 24, 2016, after he returned from church, "Billy Bagones and Nuno have me placed in segregation, calling it Pending Investigation,"[3] but he includes no specific details of what they *did* to accomplish that, or even that he has personal knowledge of some action on their part that resulted in his being placed in segregation. On another occasion, after he was told at an August 24, 2016 Classification Board that he would be returned to Medium Security, Mr. White alleges that he "found out" that defendant Bagones stopped that from happening; again, there is a failure to allege any specific facts of what the defendant did, or how Mr. White learned what he did. The most specific allegation is that defendant Bagones sat on two Classification Boards that refused to lower his classification, but there is no showing that the reason was retaliation or what Mr. Bagones did to persuade the Board.

## III. CONCLUSION

This Complaint raises the specter of retaliation, but neither speculation nor "possibility" of misconduct is sufficient. *Ashcroft v. Iqbal,* 556 U.S. at 679. Facts

---

[3] (ECF 47-1). This allegation, like some others recounted here, comes from the Petitioner's Objection to the Motion to Dismiss, rather than from the verified complaint. Because the Petitioner is *Pro se,* and his papers should be read with some flexibility, *Erickson v. Pardus,* 551 U.S. 89, 93, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) – and because the Court in any event is dismissing this action for failing to state a plausible claim – these and similar assertions have been considered. Were they enough to salvage the case, the Court could have invited the Petitioner to incorporate them into an amended verified Complaint.

that are "merely consistent" with a defendant's liability is not enough. *Ocasio-Hernandez v. Fortuno-Burste*, 640 F.3d 1, 11 (1st Cir. 2011). For that reason, the Court is constrained to grant the Motion to Dismiss.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

11/12/19